IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KENNETH RAY, CJ-6269,　　　　　　　)
　　　　Petitioner,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　　)　　2:09-cv-1586
　　　　　　　　　　　　　　　　　　)
GERALD ROZUM, et al.,　　　　　　　)
　　　　Respondents.　　　　　　　　)

Memorandum and Order

Kenneth Ray, and inmate at the State Correctional Institution at Somerset has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. For the reasons set forth below the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

Ray is presently serving an eleven to twenty-five year sentence imposed following his conviction by a jury of third degree murder and violation of the uniform firearms act at Nos. CC 199310974 and CC 199311042 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on April 6, 1994.[1] A direct appeal was not pursued but in response to a post-conviction petition, on August 18, 1997, the petitioner's rights to appeal were reinstated nunc pro tunc.[2] Because of counsel's failure to file a timely appeal, new counsel was appointed to represent the petitioner and his right to file an appeal nunc pro tunc was again

---

[1] See: Petition at ¶¶ 1-6 and answer of the Commonwealth.

[2] See: Exhibit 9 to the petition (p.56 of the answer).

1

reinstated.[3]

    In his appeal the petitioner raised the following issues:

    I. Whether trial counsel was ineffective for failing to fully cross-examine the only Commonwealth eyewitness concerning his possible prosecutorial bias due to pending charges?

    II. Whether Mr. Ray is entitled to an arrest of judgment on a VUFA change when the Commonwealth failed to present any evidence of barrel length?

    III. Whether trial counsel was ineffective for failing to object to the flight instruction when there was no evidence that Mr. Ray fled or attempted to elude the police?

    IV. Whether trial counsel was ineffective for failing to object to the imposition of a prior record score for both offenses which arose from the same incident?[4]

On April 20, 2000, the judgment of conviction and sentence on the murder count was affirmed and the sentence on the uniform firearms change was vacated for resentencing.[5]

    A petition for allowance of appeal to the Pennsylvania Supreme Court was filed in which petitioner raised the following issues:

    I. Has the Superior Court decided the question of whether trial counsel was ineffective for failing [to] cross-examine the only Commonwealth eyewitness concerning his possible prosecutorial bias in a way probably not in accord with applicable decisions of this Honorable Court?

    II. Has the Superior Court decided the question of whether the petitioner is entitled to an arrest of judgment on a VUFA charge when the Commonwealth failed to present any direct evidence of barrel length in a way probably not in accord with applicable decisions of this Honorable Court?

    III. Has the Superior Court decided the question of whether trial counsel was

---

[3] See: Answer at Exhibit 10 (page 62).

[4] See: Answer at Exhibit 13 (page 85).

[5] See: Answer at Exhibit 15 (pp.144-152).

>   ineffective for failing to object to the f[l]ight instruction when there was no evidence that the petitioner fled or attempted to elude the police in a way probably not in accord with applicable decisions of this Honorable Court?[6]

On August 31, 2000, leave to appeal was denied.[7] Pursuant to the mandate of the Superior Court, the petitioner was resentenced on November 11, 2000 on the firearms charge to a nine to sixteen month period of incarceration thereby reducing his total sentence to ten years and nine months to 21 years and four months.[8]

During the pendency of the state court proceedings, Ray submitted a federal habeas corpus petition to this Court. That petition was dismissed on August 4, 1995 for failure to exhaust state court remedies.[9]

The instant petition was executed on December 1, 2009, and in it Ray contends he is entitled to relief on the following ground:

>   1. Petitioner is requesting deduction in his sentence ... petitioner was illegally sentence[d] when he was sentence[d] under the gravity score should have been calculated as a score of (2) or (3), petitioner was sentence[d] under a 6.[10]

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

>   (1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[6] See: Answer Exhibit 17 (p.162).

[7] See: Answer Exhibit 18 (p.208).

[8] See: Answer Exhibit 19 (p.209).

[9] See: Answer Exhibit 24 (pp. 224-225).

[10] See: Petition at ¶ 12.

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, the Pennsylvania Superior Court affirmed the direct appeal on April 20, 2000 and leave to appeal to the Pennsylvania Supreme Court was denied on August 31, 2000). In Kapral v. United States, 166 F.3d 565 (3d Cir.1999), the Court noted that in the absence of the filing of a petition for discretionary review, the judgment becomes final when the time period in which to seek that review expires. Thus, the petitioner's conviction became final on November 29, 2000. The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner did not seek post-conviction relief and the instant petition was executed on December 1, 2009, or far in excess of the one year period in which to seek relief has expired, and the petition here is time barred.

    Additionally, it should also be noted that there was no impediment created by state law which prevented the petitioner from raising the issue which he seeks to raise here; the ground which the petitioner alleges in support of the instant petition are not "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" and there is no factual basis for alleging a newly discovered claim. Rather, it appears that the petitioner is seeking to challenge the offense gravity score which was modified after the petitioner was

sentenced.[11] Even though the instant claim is meritless, it would not be subject to being addressed here since it does not provide a basis for relief.[12] Thus, the instant petition is time barred.

In addition, it is also apparent that the issue which the petitioner seeks to raise here has not been raised in the courts of the Commonwealth in the first instance.

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must

---

[11] See: Answer at p.10.

[12] Although the petitioner alleges in ¶18 that "prior to being recommitted as a technical parole [violator] I researched my sentence structure in certain facts just became known to me, which I am now presenting as newly discovere[d] evidence.

5

determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In Hameen v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

> The Court in Williams v. Taylor held that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." The Court in Williams v. Taylor made it clear that the "contrary to" and "unreasonable application"clauses have independent meaning.

In the instant case, the issue which the petitioner seeks to raise here has never been

presented to the courts of the Commonwealth for their consideration in the first instance, and he is barred from raising it here.

Thus, for either reason or both, the petition of Kenneth Ray for a writ of habeas corpus will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

ORDER

AND NOW, this 15th day of March, 2010 for the reasons set forth above, the petition of Kenneth Ray for a writ of habeas corpus is dismissed, and a certificate of appealability is denied.

s/ Robert C. Mitchell<br>
United States Magistrate Judge